UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SELVAIR BRYANT, | § § | |
| PLAINTIFF, | § § | CASE NUMBER: 1:17-CV-00301 |
| v. | § § | |
| ENHANCED RECOVERY CORPORATION, LLC; PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § § | **DEMAND FOR JURY TRIAL** |
| DEFENDANTS. | § § | |

## COMPLAINT

1. Plaintiff, SELVAIR BRYANT ("Bryant"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), as well as the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq*.,to obtain statutory damages, injunctive relief, and other relief for the Defendant's violations of the FDCPA and TDCA.

2. Defendant, ENHANCED RECOVERY CORPORATION, LLC ("Enhanced") has been attempting to collect a consumer debt ("debt") allegedly owed by Plaintiff, arising from a purported obligation on an AT&T consumer credit account.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claims.

4. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

5. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

6. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

7. Plaintiff Bryant is a resident of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and Tex. Fin. Code § 392.001(1).

8. Defendant Enhanced is a Delaware limited liability company with its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256.

9. Enhanced may be served with process by serving the Texas Secretary of State at 1019 Brazos St., Austin, TX 78701, as its agent for service, because Enhanced is required to register with the Texas Secretary of State but has not done so.

10. Defendant Philadelphia Indemnity Insurance Co. ("Philadelphia") is: a Pennsylvania corporation whose principal address is One Bala Plaza, Ste. 100, Bala Cynwynd, PA 19004; is authorized to do business in Texas; and who may be served with process by serving its

registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

11. Enhanced is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. Enhanced regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA, and a "third-party debt collector" as defined in TDCA § 392.001(7).

13. Enhanced is a third-party debt collector that has obtained a surety bond pursuant to the TDCA, and which has filed a copy of the bond with the Office of the Secretary of State. (Exhibit A, Record from Texas Secretary of State.)

14. Philadelphia is the surety company for the bond Enhanced has on file with the Texas Secretary of State. Philadelphia is liable for acts committed by Enhanced pursuant to, and to the extent provided by the TDCA § 392.102, and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Philadelphia is liable on bond number PB11509601735.

## FACTUAL ALLEGATIONS

15. According to Enhanced, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a consumer AT&T account. The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA, and a "consumer debt" as defined in Tex. Fin. Code § 392.001(2).

16. Plaintiff was a victim of identity theft.

17. Enhanced either purchased or was assigned the alleged debt sometime thereafter.

18. On or about January 28, 2016, Enhanced sent a collection letter to Plaintiff. (A true and

correct copy of this letter is attached as Exhibit "B" to this Complaint, and incorporated by reference.)

19. The collection letter communicated the name of the original creditor, an account number, and a balance due of $306.58. The letter is thus a "communication" as that term is defined at § 1692a(2) of the FDCPA, and "debt collection" as that term is defined at § 392.001(5) of the TDCA.

20. In the January 28, 2016 letter, Enhanced does not use its true legal name, but instead uses the fictitious name of "ERC".

21. The only active registrations with the Texas Secretary of State to use "ERC" as a legal or fictitious name are ERC Environmental Construction Service, Inc., and ERC, Inc., both unrelated businesses to Enhanced.

22. Additionally, Enhanced's debt collection surety bond is under Enhanced Recovery Corporation, LLC's full legal name, not "ERC", and a search for "ERC" on the Texas Secretary of State's debt collector bond search web page does not return any relevant results.

23. On or about March 24, 2016, Enhanced sent a second collection letter to Plaintiff. (A true and correct copy of this letter is attached as Exhibit "C" and incorporated by reference.)

24. The second collection letter communicated the name of the original creditor, an account number, and a balance due of $306.58. The letter is thus a "communication" as that term is defined at § 1692a(2) of the FDCPA, and "debt collection" as that term is defined at § 392.001(5) of the TDCA.

25. On or about December 21, 2016, Plaintiff sent Enhanced a letter notifying them that she had retained counsel, and that she disputed the debt.

26. Enhanced received Plaintiff's communication on December 21, 2016.

27. In January 2017, Enhanced communicated credit information regarding the alleged debt to the Experian credit reporting agency, including a balance, an account number and the original creditor.

28. Enhanced communicated a balance of $307 on the alleged debt to Experian.

29. Enhanced failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in January 2017.

30. On or about March 3, 2017, Plaintiff ordered a copy of her Experian credit report and saw that Enhanced had failed to communicate the disputed status of her debt to Experian. (A true and correct excerpt of the relevant portions of Plaintiff's March 3 Experian credit report, i.e. pp. 1, 5, and 6, is attached to this Complaint as Exhibit "D".)

31. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

32. Enhanced materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

33. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

35. By January 2017, Enhanced knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified ERC of that dispute by her letter of December 21, 2016.

36. Even though Enhanced knew or should have known, prior to January 2017, that Plaintiff disputed owing the alleged debt, Enhanced failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when Enhanced communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

37. Tex. Fin. Code § 392.202 provides as follows:

> **CORRECTION OF THIRD-PARTY DEBT COLLECTOR'S OR CREDIT BUREAU'S FILES. (a) An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any. If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any. . . .**

38. Enhanced failed to cease collection activity until completing an investigation and failed to make a written record of Plaintiff's dispute to the credit bureau's files when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when communicating other information regarding the alleged debt, in violation of Tex. Fin. Code § 392.202(a).

39. TDCA § 392.304(a)(19) provides as follows:

> **FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS.**
>
> **(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **. . . (19) . . . using any false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

40. Enhanced falsely represented in its communication to Experian that Plaintiff's alleged debt was undisputed, thus violating TDCA § 392.304(a)(19).

41. Enhanced's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Karp v. Recovery Srvcs, Inc.*, 2013 WL 6734110 (W.D. Tex. Dec. 18, 2013).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

43. Despite having knowledge of Plaintiff's dispute of the debt, Defendant Enhanced failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when ERC communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

44. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without**

**limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

45. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. See *In re Eastman*, 419. B.R. 711, 728 (Bankr.W.D.Tex. 2009)(stating that a false representation need not be intentional to be actionable under the FDCPA (citing *Pittman v. J.J. MacIntyre Co.,* 969 F. Supp. 609, 613 (D. Nev. 1997))). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman* at 613 (citing 15 U.S.C. § 1692k(b)).

46. Defendant Enhanced violated the FDCPA by using the fictitious name "ERC," even though this DBA was not registered with the Texas Secretary of State, while engaged in debt collection. See, e.g., *Arslan v. Florida First Fed. Group*, 1995 WL 731175 (M.D. Fla. Oct 5, 1995) (Holding that a debt collector's use of an unregistered fictitious name violated FDCPA § 1692e(10) and (14)); *Owens v. Brachfield*, 2008 WL 3891958 (N.D. Cal. Aug. 20, 2008).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## COUNT II—TEXAS DEBT COLLECTION ACT

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. Defendant Enhanced failed to cease collection activity until completing an investigation and failed to make a written record of Plaintiff's dispute to the credit bureau's files when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when communicating other information regarding the alleged debt, in violation of Tex. Fin. Code § 392.202(a).

49. Defendant Enhanced falsely represented to Experian that Plaintiff's debt was undisputed, when in fact Enhanced had notice of Plaintiff's dispute, in violation of TDCA § 392.304(a)(19).

50. Defendant Enhanced also violated the TDCA § 392.304(a)(19) by using an unregistered, fictitious business name previously registered by another entity with the State of Texas, i.e., "ERC", while engaged in debt collection in the State of Texas.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

- A. An order directing Defendant Enhanced to cease collection activity on the alleged debt, pursuant to TDCA §392.403(a)(1);
- B. Costs and reasonable attorney fees pursuant to TDCA § 392.403(b);
- C. Statutory damages of not less than $100 for each violation as available per TDCA §392.403(e); and,
- D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Robert Zimmer

Robert Zimmer
**Zimmer & Associates**
707 W. 10th Street
Austin, TX 78701
Ph: (512) 434-0306
Fx: (310) 943-6954
zimmerlawTX@gmail.com

ATTORNEY FOR PLAINTIFF,
SELVAIR BRYANT