UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SELVAIR BRYANT,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC, and
PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    Defendants.

Case No. 1:17-CV-00301-SS-AWA

**DEFENDANTS, ENHANCED RECOVERY COMPANY, LLC'S AND PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Enhanced Recovery Company, LLC ("ERC") and Philadelphia Indemnity Insurance Company ("Philadelphia") (together with ERC, the "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff Selvair Bryant's ("Plaintiff") Complaint.

**COMPLAINT**

1. Defendants admit that Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), as well as the Texas Debt Collection Act ("TDCA") seeking statutory damages, injunctive relief, and other relief, but deny that ERC violated any of the foregoing.

2. Defendants[1] are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the allegations.

---

[1] ERC is misidentified as "Enhanced Recovery Corporation, LLC."

## JURISDICTION AND VENUE

3. Defendants admit this Court has jurisdiction over the claims asserted.

4. Defendants admit that venue is proper in this District.

## STANDING

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

## PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, deny the allegations.

8. Defendants admit that ERC is a limited liability company organized under the laws of the state of Delaware and that ERC maintains a business address at 8014 Bayberry Road, Jacksonville, Florida 32256.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required, ERC states as follows: Texas law speaks for itself, and Defendants deny ERC violated Texas law.

10. Defendants admit that Philadelphia is a corporation organized under the laws of the state of Pennsylvania and that it maintains a business at Ste. 1001, Bala Plaza, Bala Cynwyd, PA 19004.

11. Defendants admit that ERC is in the business of providing collection services on behalf of its customers, and that it uses the mail and telephone in conducting its business.

12. Defendants admit that ERC is engaged in the business of providing collection services on behalf of its customers.

13. Defendants admit that ERC is engaged in the business of providing collection services on behalf of its customers and has obtained a surety bond.

14. Philadelphia admits that it is engaged in the business of providing surety bonds and other insurance related services; the remaining allegations contained in paragraph 14 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required ERC states as follows: Philadelphia admits that it is the bonding company on bond number PB11509601735 and specifically denies that it can be held liable for any amounts over and above the amount of such bond.

## FACTUAL ALLEGATIONS

15. ERC admits that it communicated with Plaintiff in connection with collection services on behalf of its customers; ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and, therefore, denies the remaining allegations. Philadelphia is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the allegations.

17. ERC admits that an account in the name of Plaintiff was placed with it for collection. ERC denies the remaining allegations contained in paragraph 17 of the Complaint. Philadelphia is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the allegations.

18. ERC admits that it sent a letter to Plaintiff dated January 28, 2016 and that Exhibit B appears to be a copy of such letter. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies the allegations.

19. The allegations contained in paragraph 19 are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states that Exhibit B speaks for itself. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies the allegations.

20. ERC admits that on its letter dated January 28, 2016, it used the name ERC, an acronym of Enhanced Recovery Company, to refer to itself. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, deny the allegations.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. ERC admits that it sent a letter to Plaintiff dated March 24, 2016 and Exhibit C appears to be a copy of such letter. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23of the Complaint and, therefore, denies the allegations.

24. The allegations contained in paragraph 24 are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states

that Exhibit B speaks for itself. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, deny the allegations.

26. ERC denies the allegations contained in paragraph 26 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies the allegations.

27. ERC denies the allegations contained in paragraph 27 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies the allegations.

28. ERC denies the allegations contained in paragraph 28 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies the allegations.

29. ERC denies the allegations contained in paragraph 29 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies the allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, deny the allegations.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required

Defendants state as follows: the United States District Court for the District of Puerto Rico speaks for itself.

32. ERC denies the allegations contained in paragraph 32 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the allegations.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the Fourth Circuit speaks for itself.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the FDCPA speaks for itself.

35. ERC denies the allegations contained in paragraph 35 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies the allegations.

36. ERC denies the allegations contained in paragraph 36 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the allegations.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the TDCA speaks for itself.

38. ERC denies the allegations contained in paragraph 38 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the allegations.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the TDCA speaks for itself.

40. ERC denies the allegations contained in paragraph 40 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the allegations.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the United States District Court for the Western District of Texas speaks for itself.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

42. Defendants respond to the allegations contained in paragraphs 1 through 41 of the Complaint as set forth above.

43. ERC denies the allegations contained in paragraph 43 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies the allegations.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the FDCPA speaks for itself.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required; to the extent a response is required Defendants state as follows: the United States District Courts for the Western District of Texas and District of Nevada speak for themselves.

46. ERC denies the allegations contained in paragraph 46 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the allegations.

## COUNT II – TEXAS DEBT COLLECTION ACT

47. Defendants respond to the allegations contained in paragraphs 1 through 46 of the Complaint as set forth above.

48. ERC denies the allegations contained in paragraph 48 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies the allegations.

49. ERC denies the allegations contained in paragraph 49 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the allegations.

50. ERC denies the allegations contained in paragraph 50 of the Complaint. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the allegations.

## GENERAL DENIAL

51. Defendants deny all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against the Defendants must be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

To the extent Plaintiff makes a claim for actual damages against Defendants, Plaintiff's claims must be dismissed because Plaintiff has failed to set forth any allegations showing an entitlement to such damages.

**Third Affirmative Defense**

To the extent Plaintiff makes a claim for actual damages against the Defendants, Plaintiff's claims for actual damages are barred to the extent Plaintiff failed to mitigate such damages.

**Fourth Affirmative Defense**

Plaintiff's claims against the Defendants must be dismissed because all actions taken by ERC were consistent with its obligations under the Fair Debt Collection Practices Act and the Texas Debt Collection Act.

**Fifth Affirmative Defense**

Plaintiff's claims for injunctive relief under the Fair Debt Collection Practices Act must be dismissed because such relief is not available under the Fair Debt Collection Practices Act.

**Sixth Affirmative Defense**

Plaintiff's claims against the Defendants must be dismissed to the extent such claims are barred by the statutes of limitations applicable to such claims.

**Seventh Affirmative Defense**

Plaintiff's claims for damages against Defendants must be dismissed because Plaintiff failed to follow the administrative procedures under section 1692g of the Fair Debt Collection Practices Act as any purported dispute was not sent within thirty days of Plaintiff receiving a validation notice.

Plaintiff's claims against Defendants must be dismissed to the extent they are barred by the doctrines of estoppel, waiver, or unclean hands, or a combination thereof.

### Eighth Affirmative Defense

The Defendants reserve the right to assert additional affirmative defenses as discovery warrants.

### Ninth Affirmative Defense

Philadelphia's liability to Plaintiff, if any, is limited to the penal sum of the surety bond.

### CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought, or has been continued, against the Defendants in bad faith and for the purposes of harassment. Therefore, the Defendants seek their costs and fees in defending this action under 15 U.S.C. § 1692k(3).

### PRAYER FOR RELIEF

Wherefore, the Defendants, Enhanced Recovery Company, LLC and Philadelphia Indemnity Insurance Company, respectfully request that the Court enter judgment against Plaintiff and in favor of the Defendants in connection with all claims for relief in the Complaint, award the Defendants their reasonable fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: May 22, 2017.

Respectfully Submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Yash B. Dave*
Yash B. Dave
Texas Bar No. 24100418
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: (904) 598-6127
Facsimile: (904) 598-6227
E-Mail: ydave@sgrlaw.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a true and correct copy of the foregoing to:

Robert Zimmer
Zimmer & Associates
707 W. 10th Street
Austin, TX 78701
Ph: 512-434-0306
Fax: 310-943-6954
zimmerlawtx@gmail.com

*Attorney for Plaintiff*

   */s/ Yash B. Dave*
           Attorney